IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN EUGENE PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-878-J |
| | ) |
| CARRIE BRIDGES, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction. (ECF No. 1). United States District Judge Bernard M. Jones has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the action be **DISMISSED** on filing as untimely.

I.     **PROCEDURAL BACKGROUND**

On September 30, 1994, an Oklahoma County jury found Mr. Parker guilty on one count of first-degree murder. *See* State Court Docket Sheet, *State of Oklahoma v. Parker*, Case No. CF-1993-1832 (Okla. Co. Dist. Ct. Sept. 30, 1994).[1] Mr. Parker was sentenced

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

on September 4, 1994, and Judgment and Sentence in the case was entered on September 11, 1994. *See id.* Mr. Parker appealed, and on April 23, 1996, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the conviction. *See* State Court Docket Sheet, *Parker v. State of Oklahoma*, Case No. F-1994-1098 (Okla. Ct. Crim. App. Apr. 23, 1996).

On April 22, 2024, Petitioner filed an Application for a Writ of Habeas Corpus in the District Court of Alfalfa County, which the district court dismissed, finding that the application was actually a direct attack on the validity of his conviction, and therefore, should have been filed in the Oklahoma County District Court under the Post-Conviction Procedure Act. *See* Order Denying Application for Writ of Habeas Corpus, *Parker v. Bridges*, Case No. WH-2024-03 (Alfalfa Co. Dist. Ct. June 4, 2024). According to the State Court Docket Sheet, Petitioner never sought this relief. *See* State Court Docket Sheet, *State of Oklahoma v. Parker*, Case No. CF-1993-1832 (Okla. Co. Dist. Ct.). Instead, however, on June 24, 2024, Mr. Parker filed the application as a Petition for Habeas Corpus in the Oklahoma County District Court, which that Court denied on July 26, 2024. *See* Order Denying Petition for Writ of Habeas Corpus, *Parker v. State of Oklahoma*, Case No. HC-2024-483 (Okla. Co. Dist. Ct. July 26, 2024). Mr. Parker filed this habeas Petition on August 26, 2024. (ECF No. 1).

## II.    SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases.

Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). Finally, a Court may dismiss a § 2254 habeas petition *sua sponte* only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008).

### III. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of;

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction becomes final. See *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Under subsection (A), Petitioner's limitations period began to run from the date on which the conviction became final. See *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner did not seek review in the United States Supreme Court,[2] his conviction became final on July 23, 1996—90 days following the OCCA's April 23, 1996 affirmance of Mr. Parker's conviction. See *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, without tolling, Petitioner's statute of limitations to file a habeas petition expired on July 24, 1996. But Mr. Parker filed the Petition on August 26, 2024, over twenty-eight years after the limitations period had expired. (ECF No. 1:1). Thus, under § 2244(d)(1)(A), this action is untimely absent statutory or equitable tolling.

## IV. STATUTORY TOLLING

The AEDPA limitations period is tolled pending adjudication of a properly filed application for State post-conviction or other collateral review with respect to the

---

[2] *See* ECF No. 1:3.

4

pertinent judgment or claim. *See* 28 U.S.C. § 2244(d)(2). Here, Mr. Parker filed two petitions for habeas corpus in state court—one in the Alfalfa County District Court on April 22, 2024 and one in the Oklahoma County District Court on June 24, 2024. See supra. But "[a] state habeas petition submitted after the one-year deadline [for filing a federal habeas petition] . . . does not toll the [federal habeas] limitations period." *Meza v. Martinez*, 491 F.Supp.3d 999, 1003 (D.N.M. Aug. 31, 2020) (citing *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) and noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after ... the end of the limitations period ..."); *Hubler v. Ortiz*, 190 F. App'x 727, 729 (10th Cir. 2006) ("[A] petition for post-conviction relief filed in state court after the limitations period has expired no longer serves to toll it."). Accordingly, unless equitable tolling or another exception applies, the habeas Petition is untimely.

## V.   EQUITABLE TOLLING

The AEDPA limitations period may be subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 634 (2010). But this form of tolling is only available when an extraordinary circumstance stood in the petitioner's way and prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). And, even when the circumstances are extraordinary, equitable tolling is only available when the petitioner has been diligent in the pursuit of his habeas claims. *See Holland,* 631 U.S. at 653. Under this standard, the petitioner bears a "'strong burden to show specific facts.'" *Yang v. Archuleta*, 525 F.3d

925, 928 (10th Cir. 2008) (citations omitted). In the section on "timeliness" in the Petition, Mr. Parker states: "The District Court lacked subject matter jurisdiction over the petitioner. Subject matter jurisdiction can never be waived and can be raised for the first time on appeal." (ECF No. 1:13). Although Mr. Parker correctly states that the issue of subject matter jurisdiction can be raised at any time, the Tenth Circuit Court of Appeals has held that a lack of jurisdiction claim raised in a federal habeas action is "subject to dismissal for untimeliness." *Morales v. Jones,* 417 F. App'x 746, 2011 WL 1108669, at *2 (10th Cir. 2011) (citing *Yellowbear v. Wyo. Attorney Gen.,* 525 F.3d 921, 924 (10th Cir. 2008)); *see also Ross v. Pettigrew*, 2021 WL 1535365, at *3, n. 5 (N.D. Okla. Apr. 19, 2021) (rejecting Petitioner's assertion that a challenge to the state court's subject-matter jurisdiction can be raised at any time and thus is not subject to § 2244(d)(1)'s one-year statute of limitations, stating: "The flaw in that argument is that the plain language of § 2244(d)(1) provides no exception for due-process claims challenging subject-matter jurisdiction."). Thus, the Court should reject Petitioner's argument and conclude that he is not entitled to any form of equitable tolling based on the nature of his jurisdictional argument.

## VI. ACTUAL INNOCENCE EXCEPTION

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013).

6

Successful actual-innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 383, 392, 401; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin v. Perkins*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Mr. Parker has made no allegation that he is actually innocent, nor does he indicate the presence of any "new" evidence pertaining to the same. As a result, the Court should conclude that the "actual innocence" exception does not apply.

## VII. SUMMARY

Mr. Parker's deadline for filing his habeas petition expired on July 24, 1996. *See supra.* But Mr. Parker filed the habeas Petition on August 26, 2024, over twenty-eight years after the limitations period had expired. Mr. Parker is not entitled to statutory or equitable tolling and the actual innocence exception does not apply.

## VIII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Court dismiss the Petition as untimely.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 14, 2024**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IX.    STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on September 26, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE