## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

STEVEN EUGENE PARKER,          )
                                        )

        Petitioner,            )
                                        )

v.                                )      Case No. CIV-24-878-J
                                        )

CARRIE BRIDGES,             )
                                        )

        Respondent.        )

## ORDER

Petitioner Steven Eugene Parker, a state prisoner proceeding pro se, initiated this habeas corpus action under 28 U.S.C. § 2254 in August 2024.  (Pet.) [Doc. No. 1].[1]  The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636.  [Doc. No. 3].

On September 26, 2024, Judge Erwin issued a Report and Recommendation recommending that the Court dismiss Petitioner's § 2254 action as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.*  (R. & R.) [Doc. No. 6] at 1–8. Petitioner objected to the Report and Recommendation on October 9, 2024.  (Obj.) [Doc. No. 7]. The Court "applies de novo review to those findings on which [Petitioner] specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record."  *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

---

[1] All page citations refer to the Court's CM/ECF pagination.

I.    **Background**

In the fall of 1994, Petitioner was convicted by a jury of first-degree murder in Oklahoma County District Court. He was sentenced to life imprisonment without the possibility of parole, and his conviction and sentence were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA) in April 1996.

Roughly 28 years later, on April 22, 2024, Petitioner filed a petition for a writ of habeas corpus in Alfalfa County District Court. The court dismissed the petition, concluding that Petitioner's challenge amounted to a direct attack on his conviction and sentence, and, as such, should have been brought in Oklahoma County District Court under Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080 *et seq*. It appears that Petitioner never sought post-conviction relief in Oklahoma County District Court. Instead, he sought habeas relief from the OCCA, which promptly denied his request. He then filed this § 2254 action.

Petitioner raises a single ground for habeas relief, asserting that the information under which he was charged and convicted was "fatally defective"—alleging it was neither "duly sworn to under oath nor verified as being true"—thereby depriving the state trial court of subject matter jurisdiction. Pet. at 5. As for the timeliness of his § 2254 action, Petitioner contends that "[s]ubject matter jurisdiction can never be waived and can be raised for the first time on appeal." *Id.* at 13.

II.    **Report and Recommendation**

AEDPA imposes a one-year statute of limitations on filing a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). This statute of limitations begins to run from the latest of four dates: (1) the date on which the judgment became final by the conclusion of direct review or expiration of the time to seek direct review; (2) the date on which an unconstitutional or unlawful impediment to filing an action was removed; (3) the date on which a new constitutional right was initially

2

recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; and (4) the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)–(D). AEDPA provides for statutory tolling of the one-year limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2). And equitable tolling may also "pause[] the running of . . . [the] statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014).

On review, Judge Erwin concluded that absent statutory or equitable tolling, Petitioner's one-year filing period under § 2244(d)(1)(A) expired on July 24, 1996.[2] *See* R. & R. at 4. And Judge Erwin reasoned that neither statutory nor equitable tolling applied. *See id.* at 4–6. First, because Petitioner sought habeas relief in state court after the limitations period had already expired, Judge Erwin found that effort did not result in statutory tolling. *See id.* at 5. Second, Judge Erwin found that Petitioner's jurisdictional challenge did not entitle him to equitable tolling. *See id.* at 6. While recognizing the general rule that objections to subject matter jurisdiction may be raised at any time, he observed "that a lack of jurisdiction claim raised in a federal habeas action is 'subject to dismissal for untimeliness.'" *Id.* (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished)). Consequently, because Petitioner did not initiate his § 2254 action until August 2024, Judge Erwin concluded the action was untimely under § 2244(d)(1)(A).[3] *See id.* at 6–7.

---

[2] Since the OCCA affirmed Petitioner's state conviction in April 1996, and the time for seeking certiorari review with the United States Supreme Court would have expired in July 1996, it appears the limitations period actually expired in July 1997.

[3] Petitioner did not allege facts implicating § 2244(d)(1)(B), (C), or (D).

### III.     Petitioner's Objection

Petitioner first argues, again, that the state trial court lacked jurisdiction because the state initiated his prosecution by filing an unverified information. *See* Obj. at 3. And since the "claim is jurisdictional," *id.* at 4, Petitioner maintains that it is not time-barred by AEDPA's statute of limitations, *id.* at 5. Next, apparently in the alternative, he argues that AEDPA's restriction on the time for seeking habeas relief—given that his state conviction predates AEDPA's enactment— amounts to an "ex post facto violation." *Id.* at 6 (cleaned up).

The Court finds that Petitioner's objections are without merit. The Tenth Circuit has repeatedly held "that a challenge to the convicting court's jurisdiction is a due process claim and, 'as with any other habeas claim, . . . is subject to dismissal for untimeliness.'" *Warnick v. Harpe*, No. 22-5042, 2022 WL 16646708, at *2 (10th Cir. Nov. 3, 2022) (unpublished) (quoting *Morales*, 417 F. App'x at 749) (collecting cases); *see also Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *9 (10th Cir. Jan. 12, 2024) (unpublished) ("In the federal habeas context, challenges to state court convictions based on the state court's lack of jurisdiction are essentially due process challenges, which are properly subject to AEDPA's procedural requirements."). The Tenth Circuit has also recognized that AEDPA's limitations period applies to state convictions predating its enactment: "[T]he limitations period generally begins running on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. When that date precedes AEDPA's enactment, the general federal rule is that the limitations period begins running on AEDPA's date of enactment, April 24, 1996." *Sudduth v. Raemisch*, 532 F. App'x 823, 824 (10th Cir. 2013) (unpublished) (internal citation and quotation marks omitted); *see also Henderson v. Soares*, 172 F.3d 878, 1999 WL 79380, at *1 (10th Cir. Feb. 19, 1999) (unpublished table decision) ("The district court correctly noted that a prisoner whose

conviction and sentence became final on or before April 24, 1996 is barred from seeking relief

pursuant to 28 U.S.C. § 2254 unless the prisoner filed his or her application before April 24,

1997."). In this case, Petitioner does not contest Judge Erwin's finding that his conviction and

sentence became final on July 23, 1996—*after* enactment of AEDPA. Nor does he cite any

"extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Thus, the Court agrees with

Judge Erwin that Petitioner's § 2254 action should be dismissed as untimely.

## IV.    Conclusion

For the reasons above, the Court ADOPTS the Report and Recommendation [Doc. No. 6]

and DISMISSES Petitioner's § 2254 action WITH PREJUDICE.

In this case, a certificate of appealability (COA) may issue only if Petitioner shows both

"that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the [Court] was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the

Court concludes that Petitioner is not entitled to issuance of a COA. A COA is therefore DENIED.

IT IS SO ORDERED this 15th day of October, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE